NOT FOR PUBLICATION

**FILED**

UNITED STATES COURT OF APPEALS

JUL 18 2025

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

SAYRY LIZETH MIRANDA
PEREZ; FERNANDA GUADALUPE
MIRANDA PEREZ; IRVIN MARCIAL
MIRANDA; SERGIO JESUS MARCIAL
MIRANDA,

Petitioners,

v.

PAMELA BONDI, Attorney General,

Respondent.

No. 23-621

Agency Nos.
A206-263-515
A206-263-518
A206-263-517
A206-263-516

MEMORANDUM*

On Petition for Review of an Order of the
Board of Immigration Appeals

Argued and Submitted April 7, 2025
San Francisco, California

Before: S.R. THOMAS, PAEZ, and MILLER, Circuit Judges.
Partial Concurrence and partial Dissent by Judge MILLER.

Sayry Lizeth Miranda Perez and her three children, Sergio Jesus Marcial

Miranda, Irvin Marcial Miranda, and Fernanda Guadalupe Miranda Perez—natives

and citizens of Mexico—petition for review of a decision of the Board of

---

* This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

Immigration Appeals denying their applications for asylum, withholding of removal, and relief under the Convention Against Torture (CAT). We have jurisdiction under 8 U.S.C. § 1252. We grant the petition as to the asylum and withholding claims, and we deny it as to the CAT claim.

"We review the Board's legal conclusions de novo," *Bringas-Rodriguez v. Sessions*, 850 F.3d 1051, 1059 (9th Cir. 2017) (en banc), and we review its "factual findings underlying its determination that a petitioner failed to establish eligibility for asylum, withholding of removal, and protection under CAT for substantial evidence," *Hussain v. Rosen*, 985 F.3d 634, 641–42 (9th Cir. 2021). Where, as here, the Board incorporated portions of the immigration judge's decision as its own, we review those portions along with the Board's decision. *Garcia v. Wilkinson*, 988 F.3d 1136, 1142 (9th Cir. 2021).

1. The Board's conclusion that the petitioners' membership in their asserted particular social group (family members of Fernando Arizmendi Hernandez) was not "one central reason" for their persecution, as is required for asylum, is not supported by substantial evidence. 8 U.S.C. § 1158(b)(1)(B)(i). In dismissing the petitioners' appeal, the Board affirmed the immigration judge's finding that "[Sayry's] fear of return is not based upon [her] familial ties to Fernando, but based upon [her] fear of retribution at the hands of Fernando's supposed killer for the extortion fees and his belief [that Sayry] report[ed] him to military officials."

Although Sayry's status as Fernando's wife was likely not the only reason the Mafia leader, Tusa, targeted her in the wake of Fernando's murder, the evidence compels the conclusion that Sayry's relationship to Fernando was a "central reason" for Tusa's attacks following Fernando's death. *See Corpeno-Romero v. Garland*, 120 F.4th 570, 581 (9th Cir. 2024) (quoting *Manzano v. Garland*, 104 F.4th 1202, 1207 (9th Cir. 2024)).

The Board further concluded that Tusa was motivated exclusively by pecuniary gain and retribution, but failed to recognize that Sayry's relationship with Fernando was also "a reason of primary importance to [Tusa], one that [was] essential to [his] decision to [attack Sayry]." *See Manzano*, 104 F.4th at 1206–07. That a persecutor was motivated by money or revenge does not preclude that a protected ground was also "one central reason" that caused him to act, "because under our precedent there can be more than one reason for the persecution—even more than one *central* reason." *See id.* at 1209; *Kaur v. Garland*, 2 F.4th 823, 835 (9th Cir. 2021) ("A retributory motive can exist alongside a protected motive." (cleaned up)). Further, the Board reasoned that "[r]etribution or retaliation is harm inflicted only for personal reasons, not on account of a protected ground," ignoring that "the line between 'animus' (providing nexus) and 'purely personal retribution' (no nexus) is a fine one." *Garcia*, 988 F.3d at 1145.

Here, Sayry's marriage to Fernando was a "central reason" Tusa targeted

her, even if he was also motivated by money and retribution. After Tusa's release from military detainment, Tusa accosted Sayry, grabbing her by the neck and asking if she had reported him for killing Fernando. Sayry told Tusa that she did not report him, but he did not believe her and told her that "[she] was going to pay for it." Given this evidence, Sayry's "status as a member of her husband's family [was] not simply an 'incidental' reason for her persecution," and the evidence further demonstrates that "[i]f the familial relationship did not exist," Tusa would not have targeted Sayry in the wake of her husband's death. *See Kaur*, 2 F.4th at 836.

2. The Board also erred by failing to analyze whether Tusa's animus against Sayry's family was "a reason" for his threats sufficient for withholding of removal, even if it was not "one central reason" sufficient for asylum. *See Barajas-Romero v. Lynch*, 846 F.3d 351, 359–60 (9th Cir. 2017). "The difference between the motive standards matters, particularly in cases like this one, in which the [Board's] decision turns on its nexus determination," and the evidence of nexus was "not unambiguous." *Garcia*, 988 F.3d at 1147. Because the record compels the conclusion that Sayry's family unit was a central reason for Tusa's threats, it necessarily compels the conclusion that the family was "a reason" for Tusa's threats.

3. The Board's denial of CAT relief on the ground that Sayry and her

children could relocate within Mexico is supported by substantial evidence. Sayry testified that she has a brother who lives in Sonora, which is "affirmative evidence supporting [the relocation] determination." *See De Leon v. Garland*, 51 F.4th 992, 1007 (9th Cir. 2022). Neither her statement that Tusa's gang "would be able to find" her because of "the delinquency [of] the police," nor the country conditions evidence that described rising crime in Sonora and police corruption in Mexico, compels a conclusion that she and her children could not safely live with her brother.

**PETITION GRANTED IN PART AND DENIED IN PART.**

FILED

JUL 18 2025

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

MILLER, Circuit Judge, concurring in part and dissenting in part:

Sayry Lizeth Miranda Perez and her three children seek to establish eligibility for asylum, withholding of removal, and protection under the Convention Against Torture (CAT) based on threats they received from a Mexican gang leader. I agree with the court that the Board of Immigration Appeals' rejection of petitioners' CAT claim is supported by substantial evidence. But I disagree with the court's conclusion that substantial evidence does not support the Board's finding of a lack of nexus between the past harm and petitioners' asserted particular social group, their family unit. I also disagree with the court's conclusion that the Board applied the wrong nexus standard for the withholding of removal claim.

The Board found that the gang leader who threatened Sayry and her family "was only motivated by the prospect of pecuniary gain and his desire for retribution." The record does not compel the conclusion that he was motivated by anything else. *See Garland v. Ming Dai*, 593 U.S. 357, 373 (2021). A reasonable factfinder could have determined that the gang leader at first threatened Sayry and her family, and killed her partner, only to extort money, and that after he concluded that Sayry had reported him to the police, he gained a retributive motive, but not a family-based motive.

Petitioners emphasize that the gang leader threatened that Sayry would "pay for" reporting him for killing her partner, even after she told the gang leader that she did not report him. The threat might suggest that the gang leader was motivated by his mistaken belief that Sayry reported him—the very retributive motive identified by the Board. And it might also suggest that Sayry's relationship with her partner was part of what led the gang leader to that mistaken belief. But even if it did, a petitioner cannot establish nexus by showing that a protected ground was a but-for cause of her harm without also showing that it was one of the persecutor's motives. *See Rodriguez-Zuniga v. Garland*, 69 F.4th 1012, 1024–25 (9th Cir. 2023); *see also Barajas-Romero v. Lynch*, 846 F.3d 351, 357 (9th Cir. 2017) (explaining that the nexus requirement "address[es] the persecutor's motive for persecuting the victim"). Substantial evidence supports the Board's conclusion that petitioners did not make such a showing.

To be sure, a persecutor can hold a retributive motive "alongside a protected motive." *Kaur v. Garland*, 2 F.4th 823, 835 (9th Cir. 2021) (quoting *Madrigal v. Holder*, 716 F.3d 499, 506 (9th Cir. 2013)). But the Board gave no indication that it believed otherwise. It found that the gang leader was motivated "only" by pecuniary gain and retribution—in other words, that there was no protected motive to go along with the retributive motive.

For the same reason, the Board did not err in concluding that petitioners were not eligible for withholding of removal without conducting a separate analysis of whether animus against Sayry's family was "a reason" for the gang leader's threats. *See Barajas-Romero*, 846 F.3d at 359–60. Given the Board's finding that the gang leader was motivated "only" by pecuniary gain and retribution, "basic principles of logic" dictate that family animus did not motivate him at all. *Hernandez v. Garland*, 52 F.4th 757, 773 (9th Cir. 2022). Because "we do not presume that the Board has disregarded the law," it did not err by failing to state that obvious conclusion explicitly. *Id.*; *cf. Singh v. Barr*, 935 F.3d 822, 827 (9th Cir. 2019) (per curiam) ("Because the BIA adopted the IJ's finding of *no* nexus between the harm to [the petitioner] and the alleged protected ground, . . . remand to the BIA 'would be an idle and useless formality' . . . ." (quoting *NLRB v. Wyman-Gordon Co.*, 394 U.S. 759, 766 n.6 (1969))).

Because the Board made no legal error, and its factual findings are supported by substantial evidence, I would deny the petition in full.